UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ABDUL RAHMAN, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-07-311 |
| | § | |
| ROBERT S. MUELLER, MICHAEL | § | |
| CHERTOFF, ALBERTO GONZALEZ, | § | |
| and SHARON HUDSON, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court are Defendants' Motion to Dismiss or Alternatively to Remand
(Doc. No. 10), Petitioner's Motion for Summary Judgment (Doc. Nos. 12-13), and
Petitioner's Motion to Amend Original Petition (Doc. No. 19).  After considering the
parties' filings and the applicable law, the Court finds that Defendants' Motion to
Dismiss should be **GRANTED.**  All other pending motions are **TERMINATED AS
MOOT.**

## I.    BACKGROUND

The facts giving rise to this mandamus action are undisputed.  Petitioner Abdul
Rahman, a native and citizen of Pakistan, became a legal permanent resident of the
United States on March 12, 1999.  Petitioner applied for naturalization on February 9,
2004, through the Houston district office of the U.S. Bureau of Citizenship and
Immigration Services ("CIS").   In July 2004, Petitioner was interviewed by an
Immigration and Naturalization Services officer and was informed that he had passed the
required written English test.   The officer also informed Petitioner that the Federal
Bureau of Investigation had yet to complete his name check (administered through the

FBI National Name Check Program, or FBINNCP).  After hearing nothing further from CIS a few months after the interview, Petitioner initiated a series of written inquiries to the FBINNCP and CIS regarding the status of his name check and naturalization application.  The inquiries continued for over two years and went largely unanswered, aside from occasional replies that his name check was still pending.  In March 2005, the Department of Homeland Security requested submission of Petitioner's fingerprints. Petitioner's name check has still not been completed, and his naturalization application has not been adjudicated.

Petitioner brought this action in January 2007, seeking to compel Defendants to take the steps necessary to process his application.  Petitioner asserts multiple bases of jurisdiction: 1) federal question under 28 U.S.C. § 1331; 2) mandamus authority pursuant to 28 U.S.C. § 1361; and 3) the Administrative Procedures Act (5 U.S.C. § 706(1)). Petitioner seeks a writ of mandamus ordering Defendants to complete his name check within 120 days, and to process his application thirty days thereafter.  In the alternative, Petitioner asks the Court to order expeditious agency action under Section 706 of the APA, which empowers a reviewing court to compel agency action that has been unlawfully withheld or unreasonably delayed.  The original complaint also asserts a due process violation under the United States Constitution.  Finally, Petitioner seeks a declaratory judgment under 28 U.S.C. §§ 2201-2202 that he is entitled to mandamus relief; that Defendants have violated Section 555(b) of the APA;[1] that Defendants have failed in their duty to process Petitioner's case; that there has been un unjustifiable and unreasonable delay in adjudicating his application; that there are no just grounds to

---

[1] Section 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).

suspend issuance of all naturalization documents to Petitioner; and that Petitioner is entitled to attorney's fees and costs.

All parties seek to resolve the case on the pleadings. Defendants have moved to dismiss the case for lack of subject matter jurisdiction, or alternatively to remand it to CIS for further adjudication. Petitioner moves for summary judgment on all claims.

## II.   ANALYSIS

### A.  Motion to Dismiss – Lack of Jurisdiction

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction in this case. The Court agrees that, in light of recent Fifth Circuit precedent, it does not have jurisdiction over Petitioner's claims.

#### 1.  *Walji v. Gonzales*

Mandamus actions brought by individuals seeking expedition of their naturalization applications have proliferated in federal courts. Questions of law, many concerning the jurisdiction of district courts to hear these cases, have naturally arisen, but few have been resolved at the appellate level. The Fifth Circuit has recently spoken in a case involving circumstances virtually identical to Petitioner's. Because it is dispositive of Petitioner's principal claims, the Court pauses to review this most recent precedent.

In *Walji v. Gonzales*, --- F.3d ---, No. 06-20937, 2007 WL 1747911 (S.D. Tex. June 19, 2007), the Fifth Circuit addressed the case of Shabir Hussein Walji, a Ugandan native and lawful permanent resident of the U.S. Walji applied for naturalization with CIS in September 2003. He was interviewed by an immigration officer in April 2004, and learned then that he had passed the required English language, U.S. history, and U.S.

government proficiency examinations.  However, Walji was also informed that no further action would occur until his FBI name check was completed.  After two years of inquiries into the status of his application, Walji filed suit, asking the district court to compel the governmental defendants to process his application.

Extrapolating from the appellate opinion, which does not clearly set forth Walji's claims, Walji proceeded on at least two separate causes of action.  First, he requested a hearing before the district court under 8 U.S.C. § 1447(b), which provides that "[i]f there is a failure to make a determination [on the application for naturalization] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter . . .".  Second, Walji appears to have petitioned for a writ of mandamus in much the same fashion as Petitioner, asking the district court to instruct the defendants to adjudicate his application.

The principal holding of *Walji* concerns the precise meaning of Section 1447(b) – specifically, when the 120-day period referenced in the statute begins to run.  This issue has divided the district courts in this circuit.  *See Walji*, 2007 WL 1747911, nn.2-3 (citing cases).  The district court in Walji's case determined that the 120-day time period for adjudication of applications runs only after all application requirements have been fulfilled.  The court reasoned that because Walji's application would not be complete until the FBI name check was performed, not all of the requirements had been fulfilled, and therefore dismissal of his claims for lack of subject matter jurisdiction was warranted.  The Fifth Circuit affirmed the district court's dismissal, holding that "when

4

the CIS examination is premature because the mandatory security investigation is not complete, the 120-day time period of 8 U.S.C. § 1447(b) does not begin to run until CIS receives the FBI's 'definitive response,' described in 8 C.F.R. § 335.2(b)."[2]  *Walji*, 2007 WL 1747911.   Therefore, a district court in this circuit now has jurisdiction over a Section 1447(b) request for hearing only 120 days *after* a FBI name check is complete, if the naturalization application has not yet been fully adjudicated.

The Fifth Circuit also ruled on the issue of mandamus, writing that the district court "implicitly denied Walji's petition for a writ of mandamus." *Id.*  The appellate court affirmed that "implicit" denial, opining that "[g]overnment delay alone, unless it is shown to be in bad faith or extraordinary, does not warrant such an extraordinary remedy." *Id.*

## 2.  Mandamus jurisdiction

In the Court's view, *Walji* forecloses the exercise of subject matter jurisdiction over Petitioner's request for a writ of mandamus.  It is true that the Fifth Circuit's holding in *Walji* vis-à-vis mandamus relief is not explicitly jurisdictional.  However, the Fifth Circuit affirmed the district court's dismissal of the case as a whole on jurisdictional grounds, at least strongly implying a holding that reviewing courts lack mandamus authority over claims brought solely on the basis of governmental delay.

Furthermore, the *Walji* Court's explicit holding with regard to Section 1447(b) hearing requests severely undermines any assertion of mandamus jurisdiction in a case

---

[2] Under Section 335.2(b), an applicant is supposed to be interviewed "only after the [CIS] has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed."  8 C.F.R. § 335.2(b).  However, these events are frequently reversed, as they were in Walji's case and in the case at bar.  The *Walji* Court stated that its interpretation of the statutory and regulatory scheme would not be affected "because things occurred out of order."  *Walji*, 2007 WL 1747911.

such as Petitioner's.[3]   Under the mandamus statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform *a duty owed to the plaintiff.*"  28 U.S.C. § 1361 (emphasis added).[4]  Therefore, the Court must determine whether Defendants owe a duty to Petitioner to speed up the adjudication of his naturalization application.   Federal courts have vigorously debated this issue in mandamus actions similar to Petitioner's.  *Compare Fu v. Reno*, No. 3:99-CV-0981-L, 2000 U.S. Dist. LEXIS 16110, at *13-14 (N.D. Tex. Nov. 1, 2000) ("Because Plaintiffs seek a writ of mandamus, there is the further question whether the court has jurisdiction to grant that specific form of relief. . . . Defendants have a clear duty to process [such] applications *in a timely manner*.") (internal quotation marks omitted), *with Saleh v. Ridge*, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005) (finding that a lack of subject matter jurisdiction to compel agency action by writ of mandamus because adjustment of immigration status is a discretionary act).

It would be difficult to argue that Defendants owe a duty of expeditious adjudication to Petitioner after *Walji*.  The Fifth Circuit has determined that an individual is not entitled to bring a grievance to federal court under Section 1447(b), based on untimely adjudication of his naturalization application, until 120 days after his FBI security investigation has been completed.   The 120-day statutory standard for adjudicating a naturalization application remains intact, but *Walji* excludes the time

---

[3] The Court recognizes that the original petition in this case does not include a Section 1447(b) hearing request, although it notes that Petitioner's Motion to Amend Original Petition seeks to add such a claim.
[4] The Fifth Circuit has further elucidated the jurisdictional prerequisites to a mandamus petition, requiring a plaintiff to establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy."   *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citation omitted).

needed to complete a background check from that standard.  Further, *Walji* eschews any attempt to delineate a period within which such a check must be performed.  The Court also observes that Petitioner's almost three-year wait since his CIS interview, while no doubt frustrating, is comparable to the more than two-year delay at issue in *Walji*.

The Court simply cannot find that, as a matter of law, Defendants owe a duty to Petitioner to expedite processing of his case, or that Petitioner has a clear right to the relief requested.  Based on the Fifth Circuit's holding in *Walji* with regard to Section 1447(b) requests and its strikingly cursory dismissal of Walji's mandamus claim, the Court must conclude that it lacks subject matter jurisdiction over Petitioner's request for a writ of mandamus.  In the alternative, and also in view of *Walji*, the petition for a writ of mandamus is dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### 3.  Jurisdiction under the APA

The Court further finds that it lacks subject matter jurisdiction pursuant to the Administrative Procedures Act to entertain Petitioner's claims.[5]  Under Section 706 of the APA, a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  Petitioner argues that the nearly three-year delay in adjudicating his naturalization application is unreasonable.  Defendants counter that agency review of Petitioner's application is discretionary, thus barring any cause of action under the APA.  *See* 5 U.S.C. § 701(a)(2) (excluding from judicial review "agency action [that] is committed to agency discretion by law.").

---

[5] Petitioner and Defendants agree that while the APA alone does not provide subject-matter jurisdiction, the APA in conjunction with 28 U.S.C. § 1331 may confer such jurisdiction.  *See, e.g.*, *Alkenani v. Barrows*, 356 F. Supp. 652, 656 (N.D. Tex. 2005) (citing cases).  The original petition asserts federal question jurisdiction under Section 1331.

For the reasons discussed above with regard to mandamus, and assuming without deciding that review under the APA is not barred, the Court cannot find that agency action has been unlawfully withheld or unreasonably delayed in Petitioner's case.  Based on *Walji*, Petitioner's request for a writ of mandamus to compel agency action has been dismissed.  The Court can find no principled reason to treat Petitioner's claim under the APA, which seeks essentially the same relief, any differently.  Courts have recognized that "[w]hen a petitioner seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits. . . .  Thus, [petitioner's] APA claim fails for the same reason his request for mandamus fails."  *Nelson v. United States*, 107 Fed. Appx. 469, 471 (6th Cir. 2004) (internal citation omitted); *see also Hernandez-Avalos v. INS*, 50 F.3d 842, 844 (10th Cir. 1995) (applying the same standing test to claims made under the Mandamus Act and the APA because "[t]he two statutes are, after all, merely different means of 'compelling an agency to take action which by law it is required to take.'") (citation omitted); *Yan v. Mueller*, No. H-07-0313, 2007 WL 1521732, at *8 (S.D. Tex. May 24, 2007) ("Because both statutes offer similar means of compelling an agency to take action which by law it is required to take, claims made under [Section 706(1)] of the APA and the federal mandamus statute are subject to the same standard."); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1354-55 (S.D. Fla. 2007) (in a mandamus action seeking to compel CIS to adjudicate alien's application for adjustment of status, "*mandamus* jurisdiction is coextensive with the remedies available under the APA.").

Were the Court writing on a clean slate, it might well join the other district courts that have exercised subject matter jurisdiction under the mandamus statute and found

processing delays of several years to be unreasonable under the APA.  The Court cannot turn a blind eye, however, to the clear message sent by the Fifth Circuit's decisive ruling in *Walji*.  Petitioner's APA claim is dismissed for lack of subject matter jurisdiction.

### 4.  Remaining claims

The Court dismisses Petitioner's remaining claims under the Declaratory Judgment Act and the federal Due Process Clause.  The Declaratory Judgment Act is not an independent ground for jurisdiction, but permits relief only when other bases for jurisdiction are present.  *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).  Petitioner has not pressed his due process claim, nor could he.  The Due Process Clause "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Petitioner has not established that he has a constitutionally protected interest in expeditious processing of his naturalization application.  "No alien has the slightest right to naturalization unless all statutory requirements are complied with."  *Fedorenko v. United States*, 449 U.S. 490, 506 (1981) (quoting *United States v. Ginsberg*, 243 U.S. 472, 474-75 (1917)).

## III.   CONCLUSION

Because the Court lacks subject matter jurisdiction over Petitioner's claims, Defendants' Motion to Dismiss is hereby **GRANTED.**  Petitioner's Motion for Summary Judgment and Motion to Amend Original Petition are hereby **TERMINATED AS MOOT.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of June, 2007.

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**